Filed 8/21/23  P. v. Lucero CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C097595 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F2037) |
| v. | |
| DOLORES MARIA LUCERO, | |
| Defendant and Appellant. | |

Defendant Dolores Maria Lucero appeals the trial court's denial of her motion to vacate her conviction because of newly discovered evidence of actual innocence. Appointed counsel for defendant asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal, and defendant has filed a supplemental brief.  (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).)  We have considered defendant's supplemental brief

1

and conducted an independent review of the record, and we will affirm the trial court's order.

## FACTS AND HISTORY OF THE PROCEEDINGS

In 2014, a jury found defendant guilty of preparing false documentary evidence. The trial court suspended the imposition of sentence and placed defendant on probation, which defendant successfully completed early.

In September 2022, defendant moved to vacate her conviction pursuant to Penal Code section 1473.7 (statutory section citations that follow are found in the Penal Code unless otherwise stated). Specifically, defendant argued: (1) one of the jurors had indicated she did not believe defendant was guilty of a felony and (2) defendant's trial counsel had been ineffective. The trial court found defendant failed to carry her burden to establish actual innocence or ineffective assistance of counsel and denied the motion.

## DISCUSSION

Defendant's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief, and she has done so.

### A. *Procedures for Review in This Case*

"The prophylactic procedures in *Wende* are 'relevant when, and only when, a litigant has a previously established constitutional right to counsel.' " (*Delgadillo, supra*, 14 Cal.5th at p. 224.) *Wende* requirements "do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Id.* at p. 226.) In such cases, if the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief

or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.) While the *Delgadillo* opinion considered it "possible that some more unusual postconviction context will call for additional or more specialized requirements" (*id.* at p. 231), we conclude that is not the case here.

Nevertheless, we have exercised our discretion to conduct an independent review of the record, as permitted by *Delgadillo*. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) We found no arguable errors that would result in a disposition more favorable to defendant, so we address only those issues raised in her supplemental brief.

## B.    *Analysis*

In her supplemental brief, defendant maintains her ineffective assistance of counsel claim, and adds two new claims: An investigator tampered with a witness before her trial and the trial court violated her right to counsel at the hearing on her motion to vacate.

### 1.    *Ineffective Assistance of Trial Counsel*

Defendant contends her trial counsel performed ineffectively by failing to undertake a thorough investigation and failing to call a specific witness—the attorney who drafted the declarations that the jury ultimately determined were false documentary evidence. We hold defendant has failed to establish ineffective assistance of counsel.

"To establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-696.) "[R]arely will an appellate record establish ineffective assistance of counsel." (*People v. Thompson* (2010) 49 Cal.4th 79, 122.)

3

" 'When a defendant on appeal makes a claim that his counsel was ineffective, the appellate court must consider whether the record contains any explanation for the challenged aspects of representation provided by counsel. "If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' [citation], the contention must be rejected." ' " (*Samayoa,* at p. 845.)

Here, the record sheds no light on defense counsel's investigation of the case or why he chose not to call the attorney as a witness. Further investigation could have been unwarranted, and the witness could have been hostile or incriminated defendant. Accordingly, defendant has failed to establish ineffective assistance of counsel.

### 2. *Witness Tampering*

Defendant points to an interview transcript attached to her brief and argues it shows investigators from the Shasta County District Attorney's office tampered with a witness. Defendant does not explain how the excerpt she quotes constitutes witness tampering, does not cite to any law defining witness tampering, and does not explain how such tampering, if proven, would make her actually innocent of preparing false documentary evidence. In any event, this transcript is not part of the record, so we will not consider it here. (*People v. Leonard* (2007) 40 Cal.4th 1370, 1393 ["we review the appellate record for error, without considering matters not presented to the trial court"]; *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration' "].)

### 3. Right to Counsel

Finally, defendant argues the trial court violated her right to counsel at the hearing on her motion to vacate her conviction. Defendant did not raise this issue below. Rather, when the trial court asked, "But you're representing yourself today on [the motion to vacate her conviction], and that is what you want to do?" Defendant responded, "Yes, Your Honor." We conclude defendant has failed to demonstrate reversible error.

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Here, defendant has not cited any authority establishing a right to counsel at the hearing. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 226 [" 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings"]; cf. *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 978 [former section 1473.7, subdivision (d) does not expressly provide for a right to counsel, but, if the moving party is indigent and cannot attend the hearing because he or she is in federal custody awaiting deportation, the trial court should appoint counsel].) Nor has defendant explained how the trial court violated her rights by acceding to her request to represent herself. Accordingly, we see no merit in this argument.

DISPOSITION

The order denying defendant's motion to vacate her conviction is affirmed.

———————————————
HULL, J.

We concur:

———————————————
EARL, P. J.

———————————————
DUARTE, J.